UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSHUA TUCHOLSKI,

    Defendant.

_____/

Case No. 14-20346
Hon. Matthew F. Leitman

## ORDER SUSTAINING DEFENDANT'S OBJECTION TO APPLICATION OF SENTENCING ENHANCEMENT

On January 30, 2015, Defendant Joshua Tucholski ("Tucholski") pleaded guilty to one count of distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). The parties now dispute the applicability of United States Sentencing Guidelines § 2G2.2(b)(5) (the "Sentencing Enhancement"). That section provides for an increase of five offense levels "[i]f the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor." U.S.S.G. § 2G2.2(b)(5).

Tucholski has admitted to over-the-clothes touching of two different minors. Tucholski acknowledges that he touched the vagina of his ex-girlfriend's three-year-old daughter through her underwear between three and five times. In

1

addition, Tucholoski admits that he touched the breasts of his 12-year-old cousin over her clothing approximately five times when he was 16-years old.

The Government contends that these acts constitute "a pattern of activity involving the sexual abuse or exploitation of a minor" and that the Sentencing Enhancement therefore applies to Tucholski. (*See* ECF #31.) Tucholski objects to the application of the Sentencing Enhancement on the ground that his conduct does not qualify as "sexual abuse or exploitation of a minor." (*See* ECF #30.)

An Application Note to the Sentencing Enhancement defines "sexual abuse or exploitation" as (1) conduct prohibited by several enumerated federal statutes, including 18 U.S.C. §§ 2241 (aggravated sexual abuse), 2242 (sexual abuse), and 2243 (sexual abuse of a minor or ward); (2) "an offense under state law, that would have been an offense under any such section if the offense had occurred within the special maritime or territorial jurisdiction of the United States"; or (3) an attempt or conspiracy to commit any of the foregoing offenses. U.S.S.G. § 2G2.2, cmt. n.1.[1]

A person violates the relevant federal statutes cited in the Application Note (i.e., 18 U.S.C. §§ 2241, 2242, and 2243) – and therefore may be subject to the

---

[1] The same Application Note defines a "pattern of activity involving the sexual abuse or exploitation of a minor" as "any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct." U.S.S.G. § 2G2.2, cmt. n.1.

2

Sentencing Enhancement – if he engages in certain "sexual act[s]." 18 U.S.C. §§ 2241, 2242, and 2243. A "sexual act" is defined to include "the intentional touching, *not through the clothing*, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(2)(D) (emphasis added).

Notably, the Application Note to the Sentencing Enhancement *does not* include 18 U.S.C. § 2244 as one of the enumerated offenses that qualifies for the enhancement. In contrast to §§ 2241, 2242, and 2243 – which prohibit conduct involving "sexual acts," as defined above – section 2244 prohibits conduct involving "sexual contact." 18 U.S.C. § 2244. "Sexual contact" is defined as "the intentional touching, *either directly or through the clothing*, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(3) (emphasis added).

The Application Note therefore distinguishes between crimes involving a "sexual act" and crimes involving "sexual contact." A crime involving a "sexual act" – i.e., under-the-clothes touching – may be considered part of a pattern of "sexual abuse or exploitation." *See* U.S.S.G. § 2G2.2, cmt. n.1; 18 U.S.C. §§ 2241, 2242, 2243, 2246(2)(D). In contrast, a crime involving "sexual contact" –

3

which includes over-the-clothes touching – may not be considered part of a pattern of "sexual abuse or exploitation." *See* U.S.S.G. § 2G2.2, cmt. n.1; 18 U.S.C. §§ 2244, 2246(3). Accordingly, conduct like Tucholski's that involves only touching through the clothing (i.e., not directly) is not a pattern of "sexual abuse or exploitation" and does not qualify for the Sentencing Enhancement.

In *United States v. Reingold*, 731 F.3d 204 (2d Cir. 2013), the United States Court of Appeals for the Second Circuit recognized the "over-the-clothes" versus "under-the-clothes" distinction under the Sentencing Enhancement. In that case, defendant Corey Reingold ("Reingold") pleaded guilty to distributing child pornography, and the government sought the Sentencing Enhancement based on Reingold's prior touching of his minor sister. The Second Circuit observed that Reingold's first touching of his sister – when he "manually stimulated her vagina, both over and under her panties" – "appears plainly to qualify" as a crime involving a "sexual act" under 18 U.S.C. § 2241(c) that could be considered part of a pattern of sexual abuse or exploitation. *Reingold*, 731 F.3d at 225. However, the Second Circuit found it "less clear," based on the factual record before it, whether the other instances in which Reingold touched his sister – including when he "rubb[ed] her vagina only over her underpants" – constituted crimes involving "sexual acts." *Id.* Accordingly, the Second Circuit remanded the case to the district court to resolve "open factual questions as to which of Reingold's contacts

4

involved 'a sexual act,'" and therefore could be considered as part of a pattern of abuse or exploitation under the Sentencing Enhancement  *Id.*; *see also United States v. Morin*, 417 Fed. App'x 885, 887 (11th Cir. 2011) (acknowledging distinction between "over-the-clothes" and "under-the-clothes" touching for purposes of the Sentencing Enhancement).  This Court's conclusion that Tucholski's over-the-clothes touching is not a crime involving a "sexual act" and therefore does not qualify for the Sentencing Enhancement is consistent with *Reingold* and *Morin*.

The Government does not argue that Tucholski actually committed any crimes involving "sexual acts."  The Government nonetheless contends that the Sentencing Enhancement applies because Tucholski *attempted* to engage in under-the-clothes touching of his ex-girlfriend's daughter in violation of 18 U.S.C. § 2241(c).  (*See* ECF #31 at 4-5, Pg. ID 179-80.)  The Government insists that Tucholski "took substantial steps toward penetrating the genital opening of a three year old when he touched her vagina through her underwear on at least three and at most five occasions." (*Id.* at 5, Pg. ID 180.)

The evidence does not support the Government's position.  "[A]ttempt crimes require proof of a specific intent to complete the acts constituting the substantive offense.  The intent to finish the crime, coupled with affirmative acts toward that end, is the *sine qua non* of a punishable attempt." *United States v.*

*Calloway*, 116 F.3d 1129, 1135-36 (6th Cir. 1997). Here, there is absolutely no evidence that Tucholski's over-the-clothes touching of his ex-girlfriend's daughter was an effort to move toward under-the-clothes touching. In fact, there is no evidence that Tucholski *ever* had *any* intention of directly touching the girl beneath her clothing. The Government's assumption that Tucholski had such an intent or that the touching was the first step in an effort to touch under the clothing is unsupported by the evidence. Because there is no evidence that Tucholski actually took – or ever intended to take – affirmative steps to touch the girl beneath her clothes, Tucholski did not attempt to commit a crime involving a "sexual act" that would subject him to the Sentencing Enhancement.

The cases cited by the Government in which courts have found attempted sexual acts – *United States v. Payne*, 77 Fed. App'x 772 (6th Cir. 2003); *United States v. Miranda*, 348 F.3d 1322 (11th Cir. 2003); and *United States v. Williams*, 183 Fed. App'x 246, 247 (3d Cir. 2006) – are readily distinguishable. In each of those cases, the defendants expressed their intentions to engage in a sexual act with a minor and took affirmative steps toward that goal. For instance, in *Payne*, the defendant told an FBI agent posing as a 14-year-old girl in an Internet chatroom that he "would like to touch her beneath her clothes." *Payne*, 77 Fed. App'x at 773. The defendant suggested that they meet at a restaurant, and he traveled to the designated location. Similarly, in *Miranda*, the defendant arranged over the

Internet to pick up a 12-year-old girl at her school for sex and drove to the agreed-upon meeting spot. *Miranda*, 348 F.3d at 1330. And in *Williams*, the defendant, among other things, "offered to pay a man for a sexual encounter with his four-year-old daughter" and "went to a Dairy Queen to meet a sixteen-year-old girl for the purpose of a sexual encounter with her." *Williams*, 183 Fed. App'x at 248. In contrast to the defendants in *Payne*, *Miranda*, and *Williams*, Tucholski never expressed his intention to engage in a "sexual act" – i.e., under-the-clothes touching – with a minor. Nor is there any evidence that he took any overt actions toward that end.

Under these circumstances, the Court concludes that Tucholski neither engaged nor attempted to engage in a crime involving "sexual acts" as defined under 18 U.S.C. § 2246(2)(D). Accordingly, Tucholski did not engage in a pattern of activity involving the sexual abuse or exploitation of a minor, and he is therefore not subject to the Sentencing Enhancement.

## **CONCLUSION**

For the reasons stated above, **IT IS HEREBY ORDERED** that Tucholski's objection to the application of the Sentencing Enhancement is **SUSTAINED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: August 18, 2015

8

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 18, 2015, by electronic means and/or ordinary mail.

                                                s/Holly A. Monda
                                                Case Manager
                                                (313) 234-5113