47UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                            Case No.  14-20346
                                                  Hon. Matthew F. Leitman

v.

JOSHUA TUCHOLSKI,

      Defendant.

_____/

## <u>ORDER DENYING DEFENDANT'S MOTION TO</u><br><u>VACATE SENTENCE (ECF #41)</u>

On January 30, 2015, Defendant Joshua Tucholski ("Tucholski") pleaded guilty to one count of distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).  The Court sentenced Tucholski to 132 months of incarceration. (*See* ECF #37.)  Tucholski has now filed a motion to vacate his sentence under 18 U.S.C. § 2255 (the "Motion to Vacate"). (*See* ECF #41)  For the reasons stated below, the Motion to Vacate is **DENIED**.

## I

On August 27, 2014, a federal grand jury returned a three count indictment against Tucholski (the "Indictment"). (*See* ECF #12.)  Count I of the Indictment charged Tucholski with distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2). (*See id.* at 1-2, Pg. ID 32-33.)  Count II charged Tucholski with

receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2). (*See id.* at 2, Pg. ID 33.)   Finally, Count III charged Tucholski with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).

Tucholski chose to plead guilty, and on January 30, 2015, he entered into a Rule 11 plea agreement with the Government (the "Plea Agreement"). (*See* ECF #24.)  In the Plea Agreement, Tucholski agreed to plead guilty to Count I of the Indictment and the Government agreed to dismiss Counts II and III. (*See id.*)

Along with the Plea Agreement, Tucholski and the Government submitted sentencing guideline worksheets that were identical with one exception. The Government maintained that when the Court calculated Tucholski's sentencing guidelines range, it should include a guideline enhancement for "[e]ngaging in a pattern of activity involving the sexual abuse or exploitation of a minor" (the "Enhancement"). (*See id.* at 3-4, Pg. ID 85-86.)  The Government recommended that the Court set Tucholski's sentencing guideline range, including the Enhancement, at 262-327 months.[1] (*See id.* at 4, Pg. ID 86.)  On the other hand, Tucholski recommended that the Court exclude the Enhancement and adopt a

---

[1] The Government acknowledged that despite proposing that the Court set Tucholski's sentencing guideline range at 262-327 months, the Court could not actually sentence Tucholski to more than 240 months of imprisonment, the statutory maximum penalty for Count I of the Indictment. (*See* Plea Agreement, ECF #24 at 4, Pg. ID 86.)

sentence guideline range of 151-188 months.[2] (*See id.*)  The parties then agreed that "[t]he Court [would] resolve the parties' disagreement of the applicable [g]uidelines range … and [would] determine which [g]uidelines range applie[d]." (*Id.* at 5, Pg. ID 87.)  Tucholski further agreed that if the Court sentenced him to a term of imprisonment that did not exceed the top of the guidelines range that the Court determined was proper, he would waive his right to appeal his sentence. (*See id.* at 8-9, Pg. ID 90-91.)

Prior to Tucholski's sentencing, the Court entered a written order in which it resolved the parties' dispute over the Enhancement in Tucholski's favor. (*See* ECF #33.)  In that Order, the Court held that it would not apply the Enhancement when it calculated Tucholski's sentencing guideline range. (*See id.* at 7, Pg. ID 196).  The Court ultimately agreed with Tucholski and set his sentencing guideline range at 151-188 months.

Tucholski appeared before the Court for sentencing on September 14, 2015.  The Court sentenced Tucholski to 132 months imprisonment. (*See* Judgment, ECF #37 at 2, Pg. ID 222.)  Tucholski did not object to the Court's guideline calculation or any other aspect of his sentence.  Importantly, this sentence was *below* the sentencing guideline range that Tucholski recommended in the Plea Agreement

---

[2] The parties agreed that their respective ranges could increase if Tucholski's criminal history category was higher than the parties initially calculated or if, after pleading guilty, Tucholski committed certain other misconduct. (*See* Plea Agreement, ECF #24 at 4, Pg. ID 86.)

and that the Court ultimately adopted. Tucholski did not appeal either or his conviction or his sentence on any ground.

### III

On September 6, 2016, Tucholski filed the Motion to Vacate. (*See* ECF #41.) In the Motion to Vacate, Tucholski argues, among other things, that his sentencing guideline range was improperly calculated and included enhancements that wrongly increased his guidelines range. (*See id.* at 4, Pg. ID 312.) Tucholski does not raise an ineffective assistance of counsel argument. The Government responded to the Motion to Vacate on October 21, 2016. (*See* ECF #45.) Tucholski filed a reply brief on November 21, 2016. (*See* ECF #49.)

Tucholski seeks relief under 28 U.S.C. § 2255. "An application under § 2255 is an extraordinary remedy and should not be considered a substitute for direct appeal." *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998); *see also Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) ("Section 2255 is not a substitute for a direct appeal, and thus a defendant cannot use it to circumvent the direct appeal process"). Where, as here, a defendant "has failed to assert his claims on direct appeal and thus has procedurally defaulted, in order to raise them in a § 2255 motion he also must show either that (1) he had good cause for his failure to raise such arguments and he would suffer prejudice if unable to proceed, or (2) he is actually innocent." *Regalado*, 334 F.3d at 528. This "cause and prejudice

4

standard applies to a defendant who pleads guilty and first asserts a claim for relief in a collateral proceeding." *Id.*

Tucholski did not file a direct appeal of his sentence. Thus, Tucholski can obtain relief on the claims raised in the Motion to Vacate only if he can show "cause and prejudice" for his failure raise these claims on direct appeal. *See, e.g., Akridge v. United States*, 42 F.3d 1388, at *1 (6th Cir. Nov. 21, 1994) (Table) (applying "cause and prejudice" standard to defendant who waived right to appeal sentence in plea agreement and affirming denial of motion to vacate under Section 2255).[3]

Tucholski has not shown the required "cause." In his reply brief, Tucholski attempts to establish "cause" by arguing that he did not appeal his sentence because he was "scared of retaliation" from the Government. (*See* Reply Br. at 2, ECF #49 at 2, Pg. ID 405.) Tucholski insists that had he appealed his sentence, the Government would have "reindict[ed] him for more charges." (*Id.* at 2-3, Pg. ID 405-06.) But Tucholski has not provided the Court any authority for the proposition that his "fears" the Government would "reindict" him or would have otherwise attempted to increase his sentence satisfy the "cause" requirement under

---

[3] *See also Santos v. United States*, 296 F.Supp.2d 430, 433 (E.D.N.Y. 2003) (holding that defendant who waived his right to appeal his conviction or sentence in his plea agreement, and thus could not and did not file a direct appeal, could only bring a "Section 2255 petition upon a showing of cause and prejudice … or actual innocence").

Section 2255.  Nor has Tucholski presented anything other than idle speculation that the Government would have taken such action had he filed an appeal.  Simply put, Tucholski has not provided the Court any basis under which it can conclude that he has satisfied his requirement to show "cause."  Tucholski is therefore not entitled to relief under Section 2255.[4]

## IV

Accordingly, for the reasons stated above, **IT IS HEREBY ORDERED** that the Motion to Vacate (ECF #41) is **DENIED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  November 22, 2016

---

[4] The Court further notes that Tucholski may have additional problems clearing the "cause" hurdle.  Some courts have held that where a defendant knowingly and voluntarily waives his right to file a direct appeal – as Tucholski did in the Plea Agreement – such a waiver forecloses a defendant from establishing "cause" under Section 2255. *See, e.g., Owens v. United States*, 2007 WL 1041121, at *6 (W.D. Mich. 2007) ("[W]here a criminal defendant's failure to appeal is based upon his knowing and voluntary abandonment of the right to appeal, he cannot possibly show cause" under Section 2255"); *United States v. Cooper*, 2012 WL 12706, at *9 (E.D. Mich. 2012) (holding that defendant who waived right to appeal in plea agreement could not show "cause" under Section 2255 to excuse procedural default).  The Court need not reach that question because, as described above, Tucholski has not otherwise established the required cause.

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 22, 2016, by electronic means and/or ordinary mail.

s/Holly A. Monda                           
Case Manager
(313) 234-5113